### GALVESTON, H. & S. A. RY. CO. v. GRENIG.†

(Court of Civil Appeals of Texas. San Antonio. Nov. 29, 1911. Rehearing Denied Jan. 3, 1912.)

1. TRIAL (§ 243*) — CONFLICTING INSTRUCTIONS—INJURY TO EMPLOYÉ—CONTRIBUTORY NEGLIGENCE—DAMAGES.

The court in an action for injury to a brakeman in a caboose from a violent coupling therewith, after defining negligence and con-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

tributory negligence, and stating that if the employés in charge of the switch engine propelled it against the caboose in an unusually hard and violent manner, and such manner was negligence, and plaintiff was injured thereby, verdict should be for him, but for defendant if the impact was not unusually hard or violent, or was not negligence, instructed that if plaintiff was guilty of contributory negligence in the manner in which he attempted to light the light in the caboose, or in the manner or place in which he stood, this would not bar a recovery, but the damages, if any be awarded, should be diminished by the jury in proportion to the amount of negligence attributed by them to plaintiff; and immediately thereafter instructed that, "if in view of the foregoing instructions your verdict shall be for plaintiff, you shall award him such damages as you believe * * * he has suffered." _Held,_ that the last instruction did not conflict with the one immediately preceding; it not being calculated to cause the jury to overlook or ignore the issue of contributory negligence, but the words, "In view of the foregoing instructions," directing their attention to that instruction, as well as to those that would lead them to find for plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 564–566; Dec. Dig. § 243.*]

**2. TRIAL (§ 256*) — INSTRUCTIONS — MATTERS OMITTED—NECESSITY OF REQUEST.**

The objection to an instruction, stating that, if the jury find for plaintiff, they shall award him such damages as they believe he has suffered, without stating that the damages should be confined to those which are the result of defendant's negligence, and such as are supported by the allegations of the petition, is one of omission, requiring a request for something more specific.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*] .

**3. STATUTES (§ 114*)—TITLE AND SUBJECT.**

Const. art. 3, § 35, providing that no act shall contain more than one subject, which shall be expressed in its title, is not contravened by Acts 31st Leg. (1st Called Sess.) c. 10, entitled, "An act declaring operators of railroads liable to employés for injury through negligence of such employer; prescribing the effect of contributory negligence on the right of recovery," etc., by reason of its provision that contributory negligence of the employé shall not bar a recovery for his injury, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to him.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 145–149; Dec. Dig. § 114.*]

**4. CONSTITUTIONAL LAW (§§ 208, 301*) — MASTER AND SERVANT (§ 11*)—CLASS LEGISLATION—DUE PROCESS OF LAW—EMPLOYER'S LIABILITY.**

The provision of Acts 31st Leg. (1st Called Sess.) c. 10, that contributory negligence of an employé of the operator of a railroad shall not bar a recovery from such employer for his injury, but be considered only in diminution of damages, is not class legislation, depriving such employer of property without due process of law.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 649–677; Dec. Dig. §§ 208, 301;* Master and Servant, Dec. Dig. § 11.*]

**5. TRIAL (§ 256*)—INSTRUCTIONS—OMISSIONS—REQUESTS FOR FURTHER INSTRUCTIONS.**

Any objection to an instruction in an action for injury to a railroad employé as to the result if he was guilty of contributory negligence "in the manner in which he attempted to light the lamp in the caboose, or in the manner or place in which he stood," because not extending the inquiry to all his acts or omissions, is one of omission, requiring requests for further instructions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

**6. MASTER AND SERVANT (§ 296*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.**

The instruction in an action for injury to an employé in a caboose by a coupling being made with it so violently as to knock him about in it as to the result if he was guilty of contributory negligence "in the manner in which he attempted to light the lamp in the caboose, or in the manner or place in which he stood," was a substantial presentation of the subject-matter of the plea of contributory negligence, that he knew what was going to be done, and should have protected himself against any jar that might result, but, instead of doing so, failed to take any care to prevent the jar disturbing him; and, in effect, involved negligence in his failure to hold on to something, or in being in the place where he stood, and thus exposing himself to danger.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1180–1194; Dec. Dig. § 296.*]

**7. TRIAL (§ 261*)—INSTRUCTIONS—REQUEST.**

A requested instruction to return a verdict for defendant if contributory negligence was found, ignoring a statute, whereby plaintiff's contributory negligence would not bar a recovery, but merely reduce it, is not required to be treated as a request for a correct charge on the subject.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 660, 661; Dec. Dig. § 261.*]

**8. MASTER AND SERVANT (§ 228*)—INJURY TO RAILROAD EMPLOYÉ—ASSUMPTION OF RISK AND CONTRIBUTORY NEGLIGENCE.**

The distinction between assumption of risk and contributory negligence in the case of injury to an employé of the operator of a railroad, where the ground of the defense is knowledge or means of knowledge of the defect and danger which caused the injury, being practically abolished, and the defense of assumption of risk merged in that of contributory negligence by Acts 29th Leg. c. 163, a requested instruction that if the coupling which caused his injury was being done in the usual and customary manner, and he knew the usual manner, the risk was an assumed one, preventing recovery, was properly refused; contributory negligence in such a case under Acts 31st Leg. (1st Called Sess.) c. 10, not being a bar to recovery, but only matter for reduction of damages.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 228.*]

**9. APPEAL AND ERROR (§ 1053*)—HARMLESS ERROR—ADMISSION AND STRIKING OUT OF EVIDENCE.**

Admission of evidence cannot be complained of; it having been stricken out on motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4178; Dec. Dig. § 1053.*]

**10. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR — ADMISSION OF EVIDENCE — OTHER EVIDENCE.**

Defendant may not complain of plaintiff's testimony as to what H. said, where, without objection, H. testified to having made practically that statement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

11. EVIDENCE (§ 528*)—OPINION EVIDENCE—EXPERTS.

A physician may testify as an expert, in answer to a hypothetical question, that from the facts stated in his opinion the condition of the party could or would result from such facts.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2335–2337; Dec. Dig. § 528.*]

12. TRIAL (§ 96*)—STRIKING OUT EVIDENCE—MOTION—EVIDENCE ADMISSIBLE IN PART.

Refusal of the motion to strike out the answer of witness when only part of it, as appeared from his subsequent answer, was open to the objection that it was based on information in the nature of a self-serving declaration given by plaintiff to witness, is not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 248; Dec. Dig. § 96.*]

13. APPEAL AND ERROR (§ 204*)—REVIEW—ADMISSION OF EVIDENCE—OBJECTIONS.

Admission of testimony may not be complained of; objection not having been made to either the question invoking it or the answer itself.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1258–1280; Dec. Dig. § 204.*]

14. EVIDENCE (§ 514*)—EXPERTS—COUPLING CARS.

Plaintiff, injured by the coupling of an engine to the caboose in which he was, having qualified as an expert, may testify that in moving an engine up to a caboose to make a coupling the engine should be under complete control.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2319–2323; Dec. Dig. § 514.*]

15. APPEAL AND ERROR (§ 690*)—RECORD—BILL OF EXCEPTIONS AND AGREED STATEMENT OF FACTS.

An assignment of error to the admission of testimony cannot be considered; the testimony, referred to in the bill of exception, not appearing in the agreed statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2902–2904; Dec. Dig. § 690.*]

16. APPEAL AND ERROR (§ 260*)—REVIEW—ADMISSION OF EVIDENCE—EXCEPTIONS.

Admission of evidence cannot be complained of; the bill of exceptions showing no exception was reserved thereto.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1503–1515; Dec. Dig. § 260.*]

Appeal from District Court, Val Verde County; W. C. Douglas, Judge.

Action by A. Grenig against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiff. Defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, W. B. Teagarden, and Boggess & Davidson, for appellant. Joseph Jones, Geo. M. Thurmond, and C. K. McDowell, for appellee.

JAMES, C. J. The action is by appellee, a brakeman in appellant's service, for damages for personal injuries resulting as alleged from a negligent coupling or collision of an engine with the caboose in which appellee was at the time engaged in the performance of his duties. The negligence alleged was, instead of moving the switch engine slowly and gently to effect the coupling, it was moved violently and rapidly, causing it to strike the caboose with such force and violence as to knock plaintiff about in the caboose, causing his injury, and also that the brake apparatus of the switch engine was in worn-out and defective condition which defendant knew, or could have known by ordinary care, so that, when put in motion, it could not be stopped by those in control of it and by reason thereof the striking occurred with unusual violence, causing plaintiff's said injury. The answer was a general denial; that the injury, if any, was due to contributory negligence of plaintiff, "and from risks known and open to common observation, or such as may have been known by him by the exercise of ordinary care for his own safety, and his negligence contributed to his injuries, in this: That at the time the cars were coupled together * * * the work was done in the usual and ordinary manner which was the long standing habit and custom in the yard, the method and the force used was such as was usual and common, all of which was well and long known to plaintiff, or by the exercise of ordinary care could have known that it was about to be done, and could and should, as a person of ordinary care, have protected himself against any jar that might result, but, instead of doing so, negligently failed to take any care to prevent the jar from disturbing him, whereas, had he taken ordinary precaution, he could have protected himself fully from any such jar." The verdict was for plaintiff for $9,000.

[1] The first assignment of error complains of the tenth paragraph of the charge. In order to present the point made, it will be necessary to state the substance of the preceding paragraphs. They defined "negligence" and "contributory negligence." The sixth paragraph instructed that the verdict should be for plaintiff if the jury found that, while plaintiff was in the caboose as alleged, defendant's employés in charge of a switch engine caused it to be propelled against said caboose in an unusually hard and violent manner, and that such manner was negligence, and plaintiff was injured thereby as alleged. Paragraph 7 charged the jury to find for defendant if the impact was not unusually hard or violent, or was not negligence.

Paragraph 9 was as follows: "Now, if you believe from the evidence that plaintiff was guilty of contributory negligence in the manner in which he attempted to light the lamp in the caboose, or in the manner or place in which he stood, as alleged in defendant's answer, then I charge you the same would not bar a recovery by plaintiff in this case,

but the damages, if any you should award, should be diminished by you in proportion to the amount of negligence attributed by you to the plaintiff."

Then follows paragraph 10, complained of, which reads: "If, in view of the foregoing instructions, your verdict shall be for the plaintiff, you shall award him such damages as you believe from the evidence he has suffered; and in this connection I charge you that, if you believe from the evidence that plaintiff has suffered mental and physical pain by reason of any injuries which you may find he has received, then such mental and physical pain, if any, should be considered by you in assessing the damages; and, further, if you find from the evidence that the injuries, if any, to plaintiff are permanent and will decrease his capacity to earn money in the future, then this also should be considered by you in assessing the damages."

Appellant's points are (1) that what is charged in paragraph 10 conflicts with paragraph 9, and was calculated to mislead the jury from considering or giving effect to the latter; and (2) that paragraph 10 authorizes the jury "to allow any and all damages sustained by plaintiff from whatever cause, and however remote and whether embraced in the pleadings or not, or whether authorized by law and other parts of the charge or not, including loss of time, deafness, and neurasthenia and injury to the leg generally, which was not claimed in the petition."

The first of the above criticisms we think is untenable. The point made is that the language, "if in view of the foregoing instructions your verdict shall be for the plaintiff," directed the jury's attention simply to those of the preceding instructions which would lead them to find for plaintiff; and, in effect, told them that upon finding for plaintiff to find for him for all the damages he sustained, thus nullifying paragraph 9, requiring a diminution of his damages, if contributory negligence was found. In order to sustain this proposition, we would have to hold that the paragraph in question was calculated to cause the jury to overlook or ignore the issue of contributory negligence, which it clearly did not. As that issue was submitted, and as there was nothing in the charge complained of to divert their attention from it, they will be presumed to have considered it, and, if they did this and found contributory negligence, they could not have failed to understand that its effect was to diminish plaintiff's damages, because the very paragraph presenting the issue instructed them to give it that effect, and they could not have considered that issue at all without necessarily being informed of its effect.

[2] The second criticism must also be overruled. Appellant's proposition, and to that it is confined, is as follows: "Another vice of this charge is that it authorizes the jury to allow for any and all damages sustained by plaintiff from whatever cause, and however remote, and whether embraced in the pleadings or not, and whether authorized by law and the other part of the charge or not, including loss of time, and for deafness and neurasthenia, and injury to the leg generally which was not claimed in the petition. The evidence indicated that pre-existing and continuing disease caused the alleged neurasthenia, deafness, and irritable heart action and other troubles said to have existed at the time of the trial, and that as a matter of fact he sustained no injury in the accident except a slight injury to the knee."

The matter is presented by the brief in a manner that is confusing, but we gather that the complaint is that the charge stated that if the jury found for plaintiff they should award him such damages as they believed from the evidence he had suffered, and stopped there without explaining that such damages should be those proximately resulting from defendant's negligence, and such as were supported by the allegations of the petition. These were matters of omission. It has been clearly so held in the matter of not informing the jury that plaintiff could not recover for injuries not pleaded or proved. Dallas Cons. Electric St. Ry. v. Motwiller, 101 Tex. 521, 109 S. W. 918. And we think it is so where the charge omits to explain that the damages should be confined to those which are the result of defendant's negligence. Defendant, if not satisfied with the charge in this respect, should have requested something more specific.

[3, 4] The second assignment is a complaint directed to the said paragraph 9 of the charge, upon the ground that the act of 1909 (Acts 31st Leg. [1st Called Sess.] p. 279), upon which it is based, is void because it contains more than one subject, and the matter here involved was not embraced in the title of the act, as required by our state Constitution (article 3, § 35); and by another proposition appellant charges that the act violates the state and federal Constitution, in that it is made to apply to all employés of railroad companies without reference to the risks and hazards of the employment, including those not exposed to extra dangers of the business, and does not apply to employés in other avocations in life whose service is of equal or greater danger, and railroad companies are arbitrarily discriminated against, and their employés not engaged in departments of unusual danger are arbitrarily favored over employés of other persons and corporations engaged in work of similar or even greater hazard, and the act, therefore, is class legislation, and deprives railroad companies of their property without due process of law. We have considered these points, and conclude that the act is not in any respect unconstitutional.

[5] A third proposition complaining of said paragraph is that its effect was to limit the inquiry on contributory negligence to a consideration of the manner in which plaintiff attempted to light the lamp and in the manner and place in which he stood, whereas it should have embraced all acts or omissions including his failure to hold on to something, and his conduct in going inside the car and exposing himself when he must have known that the coupling was about to be made. If there was any error in not including said matters, it was one of omission.

[6] In addition to this, the pleading by defendant of contributory negligence, which is accurately set forth in the beginning of this opinion, confines the plea to the failure of plaintiff to take any care to prevent the jar from disturbing him, and the charge complained of was a substantial presentation of the subject-matter of the plea, and, in effect, involved negligence in his failure to hold on to something, or his negligence in being in the place where he stood, and thus exposing himself to danger.

[7] The third assignment complains of the refusal of a charge which was designed to have the court charge the jury that plaintiff could not recover and to return a verdict for defendant if contributory negligence was found. This ignored the statute above referred to. The court was not required to treat said charge as a request for a correct charge on the subject, because none could be given in view of said statute that would bar a recovery on account of contributory negligence. Besides, the court in paragraph 9 of the main charge, had given a correct charge on contributory negligence and its effect upon the damages, and had in such charge at least in a general way stated and submitted the substance of the contributory negligence as pleaded by defendant.

[8] The fifth assignment complains of the refusal of a charge on assumed risk, as follows: After charging that, if they found that plaintiff sustained injury from the collision, "nevertheless should you further believe from the facts that plaintiff, from his experience in defendant's service in and about defendant's premises, knew the usual and habitual methods under which the switchmen engaged by defendant did and performed such work and coupling as was being done at the time in question, and if you further believe and find from the facts that at the time of the accident the work done and the coupling made was done and made in the usual and customary manner and with the usual and customary force employed regularly and habitually in the performance of the kind of service and work then being done, then and in that event this would be an assumed risk of plaintiff's employment, and, if his injuries proximately resulted therefrom, he would not be entitled to recover, and, should you so find the facts to be, you will return a verdict for the railroad company without further inquiry." The theory of the above requested instruction is that plaintiff knew the method of coupling in these yards was attended with the very danger which brought about his injury, and in going into the caboose he voluntarily exposed himself thereto and assumed the risk. Whether or not the evidence supported that theory, we need not investigate, for the reason that the statute of 1905 (Acts 1905, p. 386) merges such defense of assumed risk into a question of contributory negligence. As stated in Railway v. Mathis, 101 Tex. 342, 107 S. W. 530, the statute practically abolished the distinction. This being so, the charge was properly refused, if for no other reason, because it asked the court to charge that the conduct of plaintiff would bar a recovery by plaintiff. The court submitted the defense of contributory negligence by a charge which, though general in its terms, submitted the question whether or not plaintiff was negligent in standing or being in the place he was, which entitled the jury to consider his negligence in going into the car under the existing circumstances, and therefore we overrule the sixth assignment.

The paragraphs of the charge attacked by the seventh, eighth, and ninth assignments were not open to the criticisms made, and these assignments are overruled.

The tenth, which complains of the court's definition of contributory negligence, is also overruled.

[9, 10] The eleventh complains of the court permitting plaintiff to state what the switchman, Hans, exclaimed upon going into the caboose after the accident, "Jesus! we knocked the dust out of her," upon the ground that it was not a part of the res gestæ. The qualification to the bill of exceptions discloses that, after the witness was permitted to state what Hans said, objection to it was renewed, and the statement asked to be stricken out, and the objection was then sustained, and the jury then and there emphatically instructed to disregard the evidence. Under these circumstances, the assignment should not be sustained. In addition, a sufficient reason for overruling this assignment is that Hans was allowed to testify without objection that, when he went into the car, he said something about knocking the dust out.

[11] The twelfth assignment is: "The court erred in permitting Dr. B. F. Orr to answer the hypothetical question, in effect, whether or not the fall plaintiff claimed to have received, as described in the question, could have caused the condition in which he found A. Grenig in, and in permitting him to testify, in response to said question, in effect, that such an accident as described in said question could produce said condition, all of which more fully appears in defendant's bill of exception No. 2, which is

referred to and made a part hereof." The above assignment does not seek to bring into question the propriety of the hypothetical question, and the only question embodied in the propositions under it, which is germane to the assignment, is whether or not a physician can testify as an expert in answer to such a question that from the facts stated in his opinion the condition of the party could or would result from such facts. Such testimony was proper. Railway v. Burnett, 80 Tex. 538, 16 S. W. 320; Railway v. Williams, 26 Tex. Civ. App. 153, 62 S. W. 809; Railway v. Stoy, 44 Tex. Civ. App. 448, 99 S. W. 137. Other propositions made under this assignment cannot be considered under it because foreign to it.

[12] The thirteenth complains of certain testimony of Dr. Scott. This witness was asked: "Was there any difference in his condition when you examined him a day or so ago and the time you first examined him, and, if so, what was the difference?" To which he answered as shown by the statement of facts: "The trouble has been gradually progressing since the first time I examined him. He has been more in a weakened condition and suffered really more pain. His eyes have been affected, his heart is more irritable, and his rest at night has been very much disturbed." Appellant's counsel asked how he knew this and he answered: "I do not know, except from his statements." Whereupon counsel requested the court to exclude the testimony from the jury on the ground that it was a self-serving declaration and hearsay, which request was refused and exception taken. The trial judge overruled the request at that time for some reason, possibly for the reason that the examination of the witness was not completed, and conditions might be shown rendering the answer, or some of it, proper. After the court refused to strike it out, the witness, proceeding with his testimony, stated, in the same connection: "From my examinations plaintiff has grown worse since the first examination. * * * The symptoms that caused me to reach the conclusion that Grenig was suffering from neurasthenia were pains in the back and spine from which he was suffering. I couldn't see, hear, or smell the pain. I had to take his word for it. Another symptom was the irritable condition of the heart, which was functional. * * * The next symptom I found was a drawing of the muscles of the right leg. I also, upon examination, found sugar in the urine. These symptoms just enumerated are about all the external or objective symptoms I found. * * * I could see his eyes were affected. * * * I had to rely on the

statement of the patient and my observation and the general condition of the patient." From the above it appears that, when the witness made the answer "that he knew it from the statements of plaintiff," he did not mean thereby that all the facts he had mentioned were derived from statements of plaintiff. Some of those facts, viz., that plaintiff was in a more weakened condition, his eyes affected, and his heart more irritable, were facts that appear to have been derived by the witness from observation and examination. Therefore it appears that the court did not commit error in refusing to strike out the entire answer. So much of it as stated that plaintiff was in a more weakened condition, his eyes affected, and his heart more irritable was proper in view of the explanations of the witness. Hence we cannot reverse the judgment because the court refused to strike out the whole of the answer.

[13, 14] The fourteenth assignment charges that the court erred in permitting plaintiff to testify that he knew the proper method of moving an engine up to a caboose for the purpose of coupling to the caboose, and how it should be done, that the engine should be under complete control. The court's qualification to the bill shows that the particular question which evoked the answer and the answer itself were not objected to. Besides, plaintiff qualified as an expert and the testimony was proper. Railway v. Smith, 90 S. W. 929.

[15, 16] Assignments 15, 16, and 17 complain of certain testimony given respectively by witnesses Vogelsang and Buchanan. The testimony of Vogelsang referred to in the bill of exception is not found in the statement of facts, which was an agreed statement. Scott v. Childers, 24 Tex. Civ. App. 349, 60 S. W. 775; Railway v. Moore, 28 Tex. Civ. App. 608, 68 S. W. 559; Morris v. Moon, 120 S. W. 1065. No exception was reserved to that of Buchanan, as appears from the bill.

The assignments 18, 19, and 20 complain of the refusal of a new trial, because the undisputed facts, or at least the overwhelming weight of the facts, show (1) that defendant's servants were not negligent; (2) that plaintiff's injuries were caused or contributed to by his own want of ordinary care; and (3) that such injury as he received resulted from assumed risks of his employment.

These assignments cannot be sustained under the testimony. The twenty-first, complaining of excessive verdict, must also be overruled.

Judgment affirmed.