### GALVESTON, HOUSTON & HENDERSON RAILWAY COMPANY v. W. J. HODNETT.

#### No. 2629. Decided January 28, 1914.

**1.—Master and Servant—Assumed Risk—Knowledge of Defect and Danger—Charge.**

A servant continuing to use machinery with knowledge of defects therein does not assume the risk if a person of ordinary care would have so continued in the service with knowledge of the defect and of the danger therefrom (Rev. Stats., 1911, art. 6645, Act of 1905, sec. 1). The test being the course which such supposed person would pursue with knowledge of both the defect and the danger, a charge relieving the injured servant of the defense of assumed risk if a person of ordinary care would have continued in the service with knowledge of the defect was erroneous. (Pp. 192, 193.)

**2.—Same—Contributory Negligence.**

The defenses of assumed risk and of contributory negligence remain distinct; the former is not established as a mere phase of the latter by the restriction upon it introduced by article 6645, Rev. Stats., 1911. Hence it remains a bar to plaintiff's recovery, and not a mere matter for abatement of damages, as is the case with contributory negligence by virtue of article 6649, Rev. Stats., 1911 (Act of April 13, 1909, Laws, 31st Leg., p. 280, sec. 2.)   (Pp. 193-197.)

**3.—Cases Discussed, Limited, Etc.**

Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; and Texas & P. Ry. Co. v. Bradford, 66 Texas, 732, distinguishing assumed risk from contributory negligence, approved and followed.   Texas & N. O. Ry. Co. v. Bingle, 9 Texas Civ. App., 322; Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 387; St. Louis & S. F. Ry. Co. v. Mathis, 101 Texas, 342; and Galveston, H. & S. A. Ry. Co. v. Grenig, 142 S. W., 135, with refusal of writ of error therein, discussed and limited.   (Pp. 194-196.)

Error to the Court of Civil Appeals, Eighth District, in an appeal from Harris County.

Hodnett sued the Railway Company and obtained judgment, which was affirmed on appeal by defendant. Appellant then procured writ of error.

*Baker, Botts, Parker & Garwood (Jesse Andrews* of counsel), for plaintiff in error.—The effect of the Act of April 24, 1905 (page 386, General Laws, 1905), was to abolish altogether the defense of assumed risk in certain cases, and to leave the defense unchanged as to all other cases; and in the latter cases, where the plea is available, it is available not in diminution of damages, but in bar to the suit.   Texas & Mexican Ry. Co. v. Trijerina, 51 Texas Civ. App., 100; El Paso & S. W. Ry. Co. v. Alexander, 117 S. W., 935; H. & T. C. R. R. Co. v. Alexander, 119 S. W., 1138; G., H. & S. A. Ry. Co. v. Hanson, 125 S. W., 63; I. & G. N. R. R. Co. v. Clark, 125 S. W., 959; Wirtz v. G., H. & S. A. Ry. Co., 132 S. W., 510; Fort Worth & D. C. Ry. Co. v. Drew, 140 S. W., 810; Freeman v. Powell, 144 S. W., 1033; C., R. I. & G. R. R. Co. v. Debord, 146 S. W., 667; Powell v. Freeman, 148 S. W., 290; Freeman v. Kennerly, 151 S. W., 582; El Paso & S. W. Ry. Co. v. Foth, 45 Texas Civ. App., 275; K. C., M. & O. Ry. Co. of Texas v. Hall, 152 S. W., 445.

Part of the test to determine whether or not a servant has assumed the risk of a given condition is not whether a person of ordinary care would have continued in the service with knowledge of the defect, but whether such a person would have continued in the service with knowledge of the defect *and danger,* and it is not the law, as charged in this paragraph, that the plaintiff did not assume the risk of the condition stated if a person of ordinary care, in his situation, would have continued in the service with knowledge of the defect merely.   Gen. Laws, 1905, p. 386; Railway Co. v. Smith, 24 Texas Civ. App., 127; Railway Co. v. Hughes, 22 Texas Civ. App., 134; Railway Co. v. Lempe, 59 Texas, 20; Hynson v. Railway Co., 107 S. W., 626; Railway Co. v. Crum, 35 Texas Civ. App., 609; Railway Co. v. Hannig, 91 Texas, 350; Railway Co. v. Adams, 114 S. W., 454; Cyc., vol. 26, pp. 1196 et seq.

*John Lovejoy* and *Presley K. Ewing,* for defendant in error.—As the Court of Civil Appeals held on the rehearing, it is manifest that, under the combined effect of assumed risk and employers' liability statutes, assumed risk from knowledge is no longer a defense in bar, but a phase of contributory negligence, serving only to reduce the damages, as held by this court in refusing a writ of error in Galveston, Harrisburg & San Antonio Railway Co. v. Grenig, 142 S. W., 135, 139.

Mr. Justice PHILLIPS delivered the opinion of the court.

This case involves the question whether the effect of the provision in article 6649, Revised Statutes of 1911 (section 2 of the Act of 1909 relating to the liability of railroad companies to their employees), that in suits against a common carrier or railroad company on account of personal injuries to an employee, the contributory negligence of such employee shall work only a diminution of his damages, is to render the defense of assumed risk under article 6645 (section 1 of the Act of 1905) no longer available as a bar to the recovery.

The question arises upon the following charge of the court—the plaintiff below having presented in his petition as a ground of negligence, the failure of the defendant, in whose service he was engaged, to maintain in a reasonably safe condition the drawheads of a car in the work train where he was employed, which defective condition was alleged to have been the cause of the sudden stop of the car upon which he was standing, whereby he was thrown to the ground and injured; and the defendant having pleaded his assumption of the risk—:

"If you do not find from the evidence that the plaintiff knew, or must necessarily have known in the ordinary discharge of his own duties, that such defect, if any, was in the drawheads or drawhead in question, or if you believe from the evidence that a person of ordinary care in plaintiff's situation would have continued in the service with knowledge of such defect, if any, then plaintiff will not be deemed in law to have assumed the risk of such defect, if any."

That part of the charge which instructed the jury that the plaintiff would not be held to have assumed the risk if they believed that a person of ordinary care in his situation would have continued in the service with knowledge of the defect, was erroneous, since the test provided by article 6645 for determining whether in such case the risk is assumed, is not whether a person of ordinary care would have continued in the service with knowledge, simply, of the defect, but whether such a person would have continued in the service with knowledge both of the defect and *the danger.* The article is as follows, its second subdivision being that with which we are concerned in its application to the charge in question:

"In any suit against a person, corporation, or receiver, operating a railroad or street railway, for damages for the death or personal injury of an employee or servant, caused by the wrong or negligence of such person, corporation, or receiver, that the plea of assumed risk of the deceased or injured employee where the ground of the plea is knowledge

or means of knowledge of the defect and danger which caused the injury or death, shall not be available in the following cases:

"First. Where such employee had an opportunity before being injured or killed to inform the employer, or a superior entrusted by the employer with the authority to remedy or cause to be remedied the defect, and does notify or cause to be notified, the employer, or superior thereof, within a reasonable time; provided, it shall not be necessary to give such information where the employer, or such superior thereof, already knows of the defect.

"Second. Where a person of ordinary care would have continued in the service with the knowledge of the defect and danger, and in such case it shall not be necessary that the servant or employee give notice of the defect as provided in subdivision 1 of this article."

The Legislature recognized, in other words, that appreciation of the danger is an important element in the doctrine of assumed risk, and that it frequently occurs that knowledge of a particular condition does not include knowledge of a resulting danger. In the enactment of this statute, therefore, it required, on this phase of the subject, that in order for the plaintiff to be relieved, in suits of this character, from the consequences of the established rule of law embodied in the doctrine, the circumstances must be such that a person of ordinary care, possessing knowledge both of the particular defect and the danger, would have continued in the service. The effect of the omission from the charge of this essential element of the question authorized the jury to resolve the plea of assumed risk against the defendant upon a finding of less than the statute required, and accordingly permitted the issue to be determined upon an insufficient and erroneous ground.

The Honorable Court of Civil Appeals upon the original hearing of the case so held in the opinion delivered by Mr. Justice Higgins, the judgment in favor of the plaintiff being reversed. Upon rehearing it adhered to the holding that the charge was erroneous, but concluded that the trial court erred in the first instance in submitting the issue of assumed risk as a bar to the action, and for that reason the error was not prejudicial to the defendant, resulting in an affirmance of the judgment. This conclusion was predicated upon the view that under article 6645 the defense of assumed risk amounts merely to that of contributory negligence, and the modification of the latter defense contained in article 6649 likewise operates to reduce the former to one available only in mitigation of the damages. Mr. Justice McKenzie dissented from this holding, announcing as his opinion that the defense of assumed risk remains a defense distinct from that of contributory negligence, as it was prior to the Act of 1905, now article 6645; that article 6645 has no effect upon it, and that the judgment of reversal was correctly rendered.

Assumed risk and contributory negligence have always been regarded and applied as separate defenses in this State, founded upon distinct principles of law, and their application being determined by evidence of different character. As most generally illustrated, assumption of the

risk is the voluntary exposure of the servant, without remonstrance, to the ordinary hazards of the particular use of machinery or appliances, claimed by him to be defective or unfit, but of which condition and its dangers he knows or must necessarily have acquired knowledge in the ordinary pursuit of his own duties. Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347, 43 S. W., 508. As distinguished from contributory negligence it involves no act or omission on the part of the servant beyond his voluntarily subjecting himself to the particular hazard. Being under no obligation to exercise ordinary care to see whether the master has discharged his duty to furnish him with reasonably safe tools, machinery or appliances, but having the right to rely upon its performance (Railway Co. v. Hannig) neither are the consequences of his conduct in exposing himself to the hazard determined by that standard, but only according to whether he had knowledge of the defect and danger, or was necessarily charged with such knowledge. Herein lies the essential difference between the two doctrines. In the illustration we have used, the servant is held to have assumed the risk because of his use of the alleged defective tool or appliance with knowledge of its condition and the attendant danger, irrespective of whether his conduct in the premises was that of an ordinarily prudent person; whereas the test of contributory negligence is always the conduct of such a person under the same circumstances.

It has sometimes been held that the issue of assumed risk is to be determined by the standard of ordinary care, that is, according to whether a man of ordinary prudence, aware of the defect and the danger, would have continued in the service and attempted to perform the work, but this rule was repudiated in Texas & P. Ry. Co. v. Bradford, 66 Texas, 732, 2 S. W., 595, 59 Am. Rep., 639, in a notable opinion by Judge Stayton.

It may, therefore, result under the distinction between the two doctrines as well established in this State, that the servant is held to have assumed the risk without being deemed guilty of contributory negligence; and he may be found guilty of contributory negligence without having assumed the risk. Texas & N. O. Ry. Co. v. Bingle, 9 Texas Civ. App., 322, 29 S. W., 674. And it may be said that giving to the defense of assumed risk the effect of a bar to the action, under a determination of the issue against the plaintiff the question of his contributory negligence does not arise. St. Louis & S. F. Ry. Co. v. Mathis, 101 Texas, 342, 107 S. W., 530.

In the decision by this court of the Bingle Case, supra (Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 287, 42 S. W., 971), that phase of the question is discussed where the servant has informed the master of the defect or unsafe condition and has received his promise to correct the condition. In such event, so long as he has reasonable grounds to expect and does expect that the promise will be fulfilled, he does not by continuing in the service in reliance upon the promise assume the risk. It is stated in the opinion in this connection, "If he then be injured by reason of that neglect (the master's neglect to fulfill his

promise) he may recover, provided it be found that a man of ordinary prudence under all the circumstances would have encountered the danger by continuing in the service." It must be understood, however, that this does not mean that it is his assumption of the risk that would defeat the servant's recovery upon a finding adverse to him under this statement of the law, or that such statement was made as the announcement of a rule for determining whether under such condition the risk was assumed. The opinion makes it plain that the risk is not assumed by continuance in the service in reliance upon the master's promise for such a time as the servant has reasonable grounds to believe and does believe it will be fulfilled, and a finding to such effect would dispose of that issue. There might still remain the question of contributory negligence to be resolved under the rule stated; but such a determination would involve only that issue and would not include the question of assumed risk. The eminent judge who wrote that opinion did not confuse the two defenses; and it is manifest that he did not intend to announce as a rule for determining the issue of assumed risk that which controls the question of contributory negligence.

We have thought it well to thus advert to the plain distinction between the two defenses in order that a better understanding of these legislative acts may be had, since we must assume from the terms of the acts themselves that the Legislature dealt with them as concrete defenses and in the light of their different character.

The immediate question is solved by determining whether the effect of the second subdivision of article 6645 is to merge the defense of assumed risk with that of contributory negligence, or is only to provide that it shall not be available under the conditions stated, but otherwise shall, where applicable, possess its original force. It seems to us to be immaterial what inquiry the Legislature prescribed in this connection, or that it provided a test which controls another well defined defense in the law, if the effect of its enactment is only to declare that the plea shall not be available as one result of the inquiry required or the test to be applied, but, as another result of the operation of statute, shall be maintainable as a defined and concrete defense. If a result of the operation of the statute is to leave the plea of assumed risk intact as a defense, the consequences which the law imparts to its establishment must, of course, in that event, ensue.

If the Legislature had intended to merge the two defenses, we are convinced it would have used language that made that purpose plain. It will be noted that it has only provided in this subdivision that the plea of assumed risk should not be available, where a person of ordinary care would have continued in the service with the knowledge of the defect and danger. The unmistakable effect of this language is to say that the plea shall be available where a person of ordinary care would *not* have continued in the service with such knowledge. It does not provide that the plaintiff shall be held only guilty of contributory negligence where a person of ordinary care would not have so continued in the service; as would be the result if it had been the legislative purpose

to merge assumed risk with that defense. That is distinctly not the consequence declared as the result of such a finding. To the contrary, and as plainly distinguished from that effect, the obvious import of the statute is, as stated, that where a person of ordinary care would not have continued in the service with the knowledge specified, the plea of assumed risk shall be available,—not in a qualified sense, for the statute makes no attempt to modify the effect of the plea if it is available and be established,—but as applied under its established operation.

How could the plea of assumed risk be available as a defense if the issues arising under it have already been concluded in the finding that a person of ordinary care would not have continued in the service with knowledge of the defect and danger? Why provide that the plea shall be available to the defendant or not, according to the determination of the question embodied in the statute, if the solution of that question either favorably or adversely to the plaintiff renders the defense inoperative as assumed risk, denying it all effect in the first instance and in the other converting its consequences into those of an entirely distinct defense? These considerations disclose, it seems to us, that the adoption of the view that the effect of the statute is to merge the defenses would require that we ignore the provision which declares by unmistakable import that the plea of assumed risk shall remain available as defense if the inquiry required by its terms be resolved adversely to the plaintiff, with the result of giving the statute an operation the Legislature did not intend and which its terms do not warrant.

It is true that the inquiry required by the statute to be made for the purpose of determining whether the plea is available, is common to that which arises under a plea of contributory negligence, but, as we have attempted to point out, the consequence which the statute declares shall result from the inquiry is not the determination of the question of the plaintiff's contributory negligence, but whether assumed risk is available as a defense. This distinction can not be overlooked; and if it be observed, that the statute has no effect to convert the plea into one of contributory negligence, is manifest.

In the opinion of Chief Justice Gaines in Railway Co. v. Mathis, 101 Texas, 342, 107 S. W., 530, there is a statement that in the enactment of this statute the Legislature "practically abolished the distinction" between the two defenses. In our judgment this had reference only to similarity of the inquiry prescribed by the statute and that which controls the question of contributory negligence, without consideration of the dissimilarity in the results of the inquiry. The case there before the court was not governed by the statute; the statute was in nowise involved, and the question here presented is not controlled by this expression in that opinion. The refusal of the writ of error in Galveston, H. & S. A. Ry. Co. v. Grenig, 142 S. W., 135, did not commit this court to the holding there announced, which is contrary to the views we have stated, since the special charge upon which the question arose was properly refused upon other grounds.

We have carefully considered the answer to the petition and the argu-

ment of the able counsel for the defendant in error in its support. In our opinion the plea of assumed risk was sufficient to invoke the defense, and the judgments of the trial court and the Court of Civil Appeals, should be reversed for the reasons indicated, and the cause remanded for a new trial. It is so ordered.

*Reversed and remanded.*