SWANN v. TEXAS & P. RY. CO. (No. 1904.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 15, 1918. Rehearing Denied Feb. 21, 1918.)

1. EVIDENCE ⊜⇒5(2)—JUDICIAL NOTICE—EXISTENCE OF HOISTING MACHINERY.

The existence of hoisting machinery which may be employed for lifting heavy weights is a matter of such common knowledge that evidence to that effect is not required.

2. APPEAL AND ERROR ⊜⇒1059 — HARMLESS ERROR—EXCLUSION OF EVIDENCE.

In action by servant injured by handling heavy barrel unaided, exclusion of plaintiff's evidence that defendant had machinery to lift heavy weights was not prejudicial, where the manner in which the court submitted the issue of negligence assumed as a matter of common knowledge that such machinery existed and might have been so employed.

3. MASTER AND SERVANT ⊜⇒295(9)—INSTRUCTIONS—ASSUMED RISK.

Where plaintiff invoked Rev. St. 1911, art. 6645, providing that in employé's action against railroad for negligent injuries, assumed risk from plaintiff's knowledge of the danger shall not be a defense where plaintiff's superior is notified of or already knows of the defect, or where a person of ordinary care would have continued in the service with knowledge of the defects, plaintiff's requested charge that he did not assume the risk by remaining in defendant's employ if his superiors knew of the manner in which the work was being done and the danger, if any, therefrom was an incorrect application of the statute, since it relieved plaintiff of assumption of risk, however perilous the situation, if his superiors were aware of the manner of doing the work and the attendant danger.

4. TRIAL ⊜⇒253(4)—INSTRUCTIONS—IGNORING DEFENSE—ASSUMED RISK.

Such charge was also faulty in ignoring the defense that the injury resulted from one of the dangers ordinarily incident to the business in which plaintiff was engaged.

5. MASTER AND SERVANT ⊜⇒204(1) — "ASSUMPTION OF RISK"—KNOWN DANGER.

Rev. St. 1911, art. 6645, providing that railroad employé's knowledge of defective condition will not constitute "assumption of risk" if a

person of ordinary prudence having such knowledge would have continued in the service, does not impair the common-law rule that, when a person of ordinary prudence having such knowledge would not under the circumstances have continued in the service, such an employé, continuing in the service, does assume the risk.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Assumption of Risk.]

6. MASTER AND SERVANT ⚙⟹228(1)—ASSUMPTION OF RISK—COMPARATIVE NEGLIGENCE.

Since Rev. St. 1911, art. 6645, as to assumed risk by railroad employé, does not merge the defense of assumed risk into that of contributory negligence, the doctrine of comparative negligence founded on article 6649, as to contributory negligence of railroad employé affecting recovery, does not apply where plaintiff is barred from any recovery for his injuries by his assumption of the risk.

7. MASTER AND SERVANT ⚙⟹204(1)—ASSUMING RISK—DEFECTIVE APPLIANCES.

Rev. St. 1911, art. 6645, as to assumption of risk by railroad employés, applies only to situations where there is a defect in the appliance which the employé is required to use in the performance of his duty or in the surrounding conditions which affect his safety while at work, and not to a case where the negligence claimed is in not having any appliances of any kind to facilitate the work the employé is required to perform.

8. MASTER AND SERVANT ⚙⟹101, 102(5)—MACHINERY FOR HANDLING HEAVY WEIGHTS.

A master is not required to provide machinery for handling heavy barrels to supplement an employé's failing strength due to old age where the employé has been doing that particular kind of work for more than 2 years without injury and the work may be performed in safety by one of ordinary physical vigor.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by W. H. Swann against the Texas & Pacific Railway Company. From judgment for defendant, plaintiff appeals. Affirmed.

T. W. Davidson, of Marshall, for appellant. F. H. Prendergast, of Marshall, for appellee.

HODGES, J. From March 3, 1913, to August, 1915, the appellant was employed by the appellee in a warehouse or storeroom at Marshall, Tex. His principal duty was to prepare a grease compound used in oiling car trucks. This grease came to the warehouse in 50-gallon barrels weighing about 500 pounds each. In order to put the oil in condition for practical use, it was taken from the barrels and run through a machine that molded it into cakes resembling bars of soap. For convenience in performing this work the barrels were rolled by the appellant from an adjoining compartment close to a machine and there placed on their ends. This service was performed by the appellant alone. He used an ordinary cotton hook in lifting the barrels and placing them on their ends. In August, 1915, while attempting to lift, or "head up," one of the barrels, he was ruptured as the result of the strain. He was

thereafter transferred to another branch of the service, where the labor was not so heavy, but finally severed his connection with the appellee, and later filed this suit for damages. The negligence relied on consisted in the failure to furnish the appellant with an assistant or machinery for handling the barrels. That issue was submitted to the jury, and a verdict returned for the defendant.

[1, 2] While on the stand the appellant testified that he had not been furnished with any help for handling the barrels. But the court, on objection, refused to permit him to testify that the appellee railway company had in its roundhouse, blacksmith shop, and machine shop machinery which could have been used in raising barrels to an upright position. The effect of this testimony, if admitted, would have been merely to prove that such machinery was manufactured, and some of it was in the possession of the railway company. The existence of hoisting machinery which may be employed for lifting heavy weights is a matter of such common knowledge that evidence to that effect was not required. Such appliances being available, the duty of installing them where prudence required their use did not depend entirely upon whether the railway company had them on hand. The manner in which the court submitted the issue of negligence assumed that such machinery existed and might have been so employed. The error, if any, in excluding the testimony was not prejudicial to the appellant.

The only affirmative defense submitted was that of assumed risk. It is now contended that this issue was repeated in a manner which gave it undue prominence. The appellant, however, requested the following additional charge upon the same issue:

"You are further instructed that the plaintiff did not assume the risk by remaining in the employ of defendant, if you believe that his superiors or employers whose duty it was to control and supervise the manner and method of such labor also knew of the manner in which the work was being done and the danger, if any, in having it thus performed."

[3, 4] The issue as presented in the court's general charge is not subject to the objection made. The special charge quoted above was improper because it relieved the appellant of having assumed the risk of injury, however perilous the situation might have been, if the railway company through its employés was aware of his manner of doing the work and the danger attending it. That is not a correct application of article 6645 of the statute which is invoked in this case. H. & T. C. Ry. Co. v. Alexander, 102 Tex. 497, 119 S. W. 1138. This special charge also ignored the defense that the injury resulted from one of the dangers ordinarily incident to the business in which the appellant was engaged,

and for that reason should not have been given.

[5-8] Appellant also insists that the court erred in refusing a special charge authorizing a recovery in the event the appellant was guilty of contributory negligence. In an able and plausible argument counsel for appellant contends that the article of the statute above referred to has merged the defense of assumed risk into that of contributory negligence, and a charge on comparative negligence was proper. This contention appears to be founded upon the proposition that if the appellant remained in the service of the railway company and continued to perform the work of lifting heavy barrels, when a person of ordinary prudence would not have done so, he was guilty of contributory negligence, and therefore was entitled to a partial recovery under the provision of article 6649. Contributory negligence, as that defense is commonly understood, was not admitted in the appellant's pleadings, nor was it set up as a defense by the appellee. Hence it was not an issue in the pleadings unless embraced in the plea of assumed risk. Proof that an injury resulted from one of the risks assumed has always been regarded as a complete defense in suits of this character. Article 6645 has to some extent modified the common-law rule. It in effect provides that where the injury results from a defective condition the fact that the employé knew of that condition will not constitute an assumption of the risk if a person of ordinary prudence having such knowledge would have continued in the service. It follows from the above that when a person of ordinary prudence having such knowledge, would not, under the circumstances, have continued in the service, it should be held that he did assume the risk. The common-law effect of assumed risk as a defense has not been impaired. The doctrine of comparative negligence founded upon article 6649 has no application to the present state of facts. G., H. & H. Ry. Co. v. Hodnett, 106 Tex. 190, 163 S. W. 13; Carter v. K. C. S. Ry. Co., 155 S. W. 643. Furthermore, article 6645 has reference to situations where there is a defect in the appliance which the employé is required to use in the performance of his duty or in the surrounding conditions which affect his safety while at work. In this instance the negligence alleged consisted, not in having appliances that were defective, but in not having any appliances of any kind to facilitate the work the appellant was required to perform. The evidence was such as to warrant the jury in concluding that the defect which proximately caused the appellant's injury was his failing strength due to his advanced age. He testified that he was 70 years old, and had been doing that particular kind of work for more than 2 years without injury. Evidently his failing strength had made it unsafe for him to longer continue to lift weights which a younger and more vigorous man might have handled without danger. The railway company was not required, in order to escape the charge of negligence, to provide machinery to supplement an employé's failing strength, especially when the same work might have been performed in safety by one of ordinary physical vigor.

The judgment is affirmed.