### RENEGAR v. FORT WORTH TRANSIT CO.

#### No. 14110.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 13, 1940.

Rehearing Denied Oct. 11, 1940.

Tommy Forbis and Dee Estes, both of Fort Worth, for appellant.

Cantey, Hanger, McMahon, McKnight & Johnson and W. D. Smith, all of Fort Worth, for appellee.

SPEER, Justice.

R. C. Renegar, as plaintiff, instituted this suit against Fort Worth Transit Company,

a corporation, as defendant, for damages sustained while in the discharge of his duties as an employee of defendant, operating a street car in the City of Fort Worth.

The trial court sustained a general demurrer to plaintiff's petition; he declined to amend, and by the order entered, the case was dismissed. This appeal was perfected from that judgment. The parties will bear the same designation here as in the trial court.

The material parts of plaintiff's petition were, substantially: (a) when he received the injuries of which he complains, defendant was engaged in operating street cars and buses for transportation of the public for hire in the City of Fort Worth, Texas; (b) he was in the employ of defendant as an operator of one of its street cars; (c) because of the negligence of defendant, the car operated by plaintiff ran off the tracks, and it became plaintiff's duty to attempt to place it back on the tracks, by means of a rerailer or frog, furnished by defendant for that purpose, and carried in the street car at all times; and (d) while attempting to rerail the car, he received an injury.

Allegations were made that defendant's negligent acts consisted of, (1) permitting the cross-ties upon which the rails were fastened to become rotten, at the place where the accident happened, to such an extent that the spikes would not hold the rail in place, but permitted it to give to the south, causing the rails to spread, resulting in the derailing of the car; and (2) the brick pavement between and adjacent to the rails of the track had become defective from long and constant use; that is, the bricks were broken, torn loose from the concrete base upon which they were placed, the mortar or cement between the bricks was broken and torn loose in such manner as to cause the bricks to become separated from each other and from said base, resulting in a rough and uneven surface. It was alleged that defendant, through its agents, servants and employees, whose duty it was to keep said track and pavement in repair, had full knowledge of all said defects; that plaintiff and other employees had previously advised defendant's said officers and employees of the bad condition of said track and pavement; that about a week before the date on which plaintiff was injured, he noticed said defects, and "immediately notified the defendant's inspector, J. H. Lawson, also its train-master, J. Y. Parker, of such defects to said street car track, and then and there was informed by them that said track would immediately be put into good repair, and that plaintiff believed and relied upon such promises."

Other allegations charge that because of the defective condition of the track and pavement, and defendant's failure and refusal to repair same, after having been apprised of their defective condition, the car operated by plaintiff ran off the track, without fault or negligence on the part of plaintiff; that it became plaintiff's duty, as operator of said car, to attempt to get the car back on to the track, by means of a rerailer or frog furnished by defendant for that purpose. Plaintiff described the manner of his attempt to rerail the car substantially this way: after the derailment it was his duty to take the rerailer or frog from the car and crawl under the car and place the frog in front of the wheel, return to the driving device and cause the wheels to pass over the frog and onto the rail; that, having done this, the wheel did not go onto the rail; he then crawled under the car and to remove the frog for replacement in front of the wheel, had to lie down on the pavement; because of the defective condition of the pavement, the projections or teeth of the frog had become fastened between the broken parts of the pavement, and to remove it required much effort, while in the awkward position which he was required to assume. While removing the frog, he necessarily exerted his strength thereon, and in doing so the frog released itself unexpectedly and caused the plaintiff to unconsciously strain himself, to the extent that he sustained an inguinal hernia to his left side, in the region of the groin; that a serious and painful operation was necessary, and from said injuries so received he had suffered the damages sued for. The petition negatives acts of negligence on plaintiff's part, and affirmatively alleges that he performed the duties required of him in the premises in a careful and prudent manner; that the negligent acts of defendant above set out proximately caused his injuries, and that with actual knowledge of the defective condition of the track and pavement, and knowing it had not repaired the same as it had promised to do, the defendant "should and could have known, by the exercise of ordinary care for plaintiff's safety, at the time in question, that said rerailer or frog would become so fastened, and could and should have foreseen the danger that resulted therefrom, in time to prevent said injury to plaintiff; that its failure so to do was negligence and

that such negligence was the direct and proximate cause of plaintiff's said injuries and damage aforesaid."

The record discloses that defendant's general demurrer was sustained by the court, but the order does not indicate any particular ground or reason for the ruling. No criticism could be successfully urged to the judgment on this account. It follows that the trial court only held no cause of action was alleged by plaintiff.

Plaintiff presents a single assignment of error, viz., the court erred in sustaining defendant's general demurrer and in dismissing plaintiff's case. Clearly this is the only point involved in the appeal.

Under our procedure and the well settled rules of construction by our courts as against a general demurrer, the allegations of the petition are taken to be true. Robinson v. Davenport et al., 40 Tex. 333, 334; 33 T.J., § 120, p. 553, and the many authorities there cited. In the last-cited text, it is further said: "The verity thus accorded, extends to what, by fair implication, the pleader intended to allege, as well as to what is explicitly stated."

Again, in the same text and volume, § 178, p. 631, this rule is laid down: "The pleading will be construed as favorably to the pleader as possible. The court will seek to discover the intendment of the pleader, and the pleading may be upheld even if some element of the cause of action or defense has not been specifically averred."

With the foregoing well-established rules in mind, we find in this case a petition which alleges that defendant is a corporation operating a street railway service; at a given time and place, it permitted its tracks and the pavement adjacent thereto to get out of repair; defendant is charged with the duty to use ordinary care to keep and maintain its equipment in a reasonably safe condition for use by the public and for the operation of its cars on the tracks by plaintiff. To assume, as we must, for the purposes of this appeal, defendant knew of the unsafe condition of its tracks and failed and refused to repair them after promising plaintiff to do so; plaintiff believed and relied upon its promises to make the track safe for use. The enumerated acts are alleged to constitute negligence on the part of defendant, which proximately caused plaintiff's injuries, as well also that defendant could or should have foreseen that the injuries to plaintiff, under the circumstances, would have proximately resulted from its wrongful acts. It cannot be denied, in this appeal, that plaintiff sustained the injuries complained of, to the extent and in the manner detailed. By his petition, plaintiff absolved himself of contributory negligence in connection with the event. To our minds, the petition stated a prima facie case. As above stated, for purposes of the demurrer, the facts stated in the petition are admittedly true.

In cases like this, where the general demurrer has been sustained, and the order does not disclose the deficiency of the pleading to which the demurrer is leveled, we must view the petition as a whole in determining whether or not it states a cause of action. Opposing counsel may speculate and present their respective theories in support of their contentions. Plaintiff contends that under the provisions of Article 6439, R.C.S., his petition was good against the demurrer. That article provides in effect that corporations such as defendant in this case are liable in damages to him for injuries alleged to have been sustained, since it was alleged that he sustained the injuries complained of while an employee of the defendant, as a result of the negligence of the defendant and its officers and employees charged with keeping its equipment in suitable repair; and by reason of defects and insufficiency in its equipment, due to its or their negligence, in its cars, appliances, tracks and roadbed, including the pavement adjacent thereto, for the maintenance of which defendant was responsible. It is contended that whether or not defendant was guilty of the acts of negligence charged, whether they were proximate causes of his injuries (including the element of foreseeableness) were issues of fact to be determined by the jury, and, in its absence, by the court. Likewise, it is urged that whether or not plaintiff was guilty of contributory negligence precluding his recovery was one of fact, to be determined upon a trial of the issues. In these contentions we think plaintiff is correct. We do not construe the petition as containing admissions of facts which would defeat his recovery. Regardless of how positive defendant may feel that it can, upon a trial, show that its alleged negligent acts were not the proximate cause of plaintiff's injuries and can disprove the element of foreseeableness which is necessarily involved, the petition would not, for these

reasons, be subject to the demurrer. In Jouett v. Jouett's Ex'x, 3 Tex. 150; Western Union Tel. Co. v. Ashley, Tex.Civ.App., 137 S.W. 1165, and 33 T.J., p. 555, § 120, this rule is laid down: "Where reliance is placed upon disproof of what has been alleged or on facts not stated, in order to destroy the legal effect of what has been alleged, an exception is not interposable."

■ It is a matter of common knowledge that when a car wheel becomes derailed and an effort is made to rerail it by means of an instrument called by the parties here a frog, the person placing the frog under the car in front of the derailed wheel must of necessity place some parts of his body under the car. Plaintiff said he was required, under the conditions existing, to crawl on his hands and knees under the car and to even lie down on the pavement in making the change of the position of the frog. Counsel for defendant, in their brief, say: "This apparently was the usual and customary thing to do in the event the street car got off the track." They argue, however, that these were the ordinary risks incident to plaintiff's employment, which, under the law, he assumed.

■ In support of the judgment sustaining the demurrer, the defendant urges, by counter propositions, that to admit the truth of all plaintiff's allegations of negligence, the element of proximate cause embracing foreseeableness is lacking and therefore the demurrer was properly sustained. In this connection they say: "The test as to whether a given act may be deemed the proximate cause of an injury is whether in the light of all the attending circumstances, the injury was such as ought to have been reasonably anticipated as a consequence of the act." Defendant cites numerous authorities supporting the well-settled rule of law that the negligent acts complained of must of necessity appear to be the proximate cause of the injuries sustained; also that to be a proximate cause, the injury complained of or some such one must have been reasonably anticipated by the wrongdoer. No fault can be found with this contention, but for purposes of this appeal we are confronted with a legal admission by defendant that all of plaintiff's material allegations are true, the same as if established upon proof and so found by the jury.

■ Much has been written by our courts on the subject of proximate cause; the conclusions reached under different facts are not easy to harmonize. The rule which now seems to prevail is that, negligence creating a condition may become the proximate cause of an injury, even though the active cause is some intervening agency, if the fact of the intervening agency could have been under all the circumstances reasonably anticipated. Of course, if the intervening agency could not have been reasonably anticipated, then it will be deemed the proximate cause. Missouri-Kansas-Texas R. Co. v. McLain, Tex.Com.App., 105 S.W.2d 206; Wachholder v. Kitchens et al., Tex.Civ.App., 126 S.W.2d 519. Here, defendant knew its tracks were out of repair in such way as to cause its rails to spread with a result of derailing its cars. It also knew the condition of the pavement would cause the frog to function at that place different from the manner in which it was intended to function on a pavement in good repair. The frog stuck in the defective pavement and had to be moved to a position in front of the car wheels. In his attempt to release the frog from the broken pavement, plaintiff sustained an injury. We cannot say that under such conditions there was an absence of a showing of proximate cause.

■ Plaintiff advances the theory, in his brief, that the trial court could only have sustained the general demurrer upon the mistaken belief that plaintiff assumed the risk which resulted in his injuries. The doctrine of assumed risk in such cases as this is controlled by the provisions of Article 6437, R.C.S., as passed in 1905 and amended in 1921, which reads, in part, as follows: "The plea of assumed risk shall not be available as a bar to recovery of damages in any suit brought in any court of this State against any corporation, receiver or other person, operating any railroad * * * or street railway in this State for the recovery of damages for * * * personal injury of any employe * * * caused by the wrong or negligence of such person, corporation or receiver; it being contemplated that while the employee does assume the ordinary risk incident to his employment he does not assume the risk resulting from any negligence on the part of his employer, though known to him. · * * *"

Another part of the above-mentioned article provides that in such cases referred to, if it be alleged and proved that the injured employee was chargeable with negligence by the continuance in service with knowl-

edge of the negligence of his employer and the hazards and dangers incident thereto, such fact should not operate to defeat recovery, but should be treated and considered as constituting contributory negligence, and if proximately causing or contributing to cause the injury in question, it should have the effect of diminishing the amount of damages recoverable by such employee, only in proportion to the amount of negligence so attributable to him.

Defendant does not concede that the trial court sustained the demurrer because of the provisions of the "Assumed Risk" statute, above referred to, but calls attention to the provision in that statute which says: "It being contemplated that while the employe does assume the ordinary risk incident to his employment he does not assume the risk resulting from any negligence on the part of his employer."

In this connection, defendant argues in support of the court's action, that it is apparent from plaintiff's petition that the handling of the rerailer or frog when a car became derailed, and putting it under the wheels to cause the car to go back onto the track, were required of plaintiff in the ordinary course of his duties and were necessarily the ordinary risks incident to his employment, and that being true, he did, as a matter of law, assume those risks. We cannot agree with the theory advanced. It is true, plaintiff alleged that in the course of his employment he was expected to make an effort to rerail a car that had run off the track, but the petition charges that because of the negligent acts of defendant, relative to the broken pavement, the frog or rerailer stuck when the car wheels passed over it, and in an effort to extricate it he was injured. The statute quoted provides that the employee "does not assume the risk resulting from any negligence on the part of his employer."

Under the allegations of plaintiff's petition, we fail to see how the provisions of Article 6437, supra, are applicable to the appeal before us, nor do we believe it sustains the action of the trial court in holding the general demurrer good.

For some time after the enactment of Article 6437 our courts had much difficulty in its application. Some Courts of Civil Appeals, backed by strong implications by the Supreme Court, held that the provisions of the act effectually merged the defense of assumed risk into that of contributory negligence, resulting in the necessity for a jury determination of negligence and its necessary elements of ordinary care and prudence under given circumstances.

As stated above, we do not think assumed risk is raised in this appeal, although it may be subsequently done by pleading and proof, but one interested in the question could profitably read the able opinion by Chief Justice Phillips in Galveston, H. & H. R. Co. v. Hodnett, 106 Tex. 190, 163 S.W. 13.

For the reasons stated, we believe the trial court erred in sustaining the general demurrer. The case will be reversed and remanded for trial upon the pleadings and evidence. It is accordingly so ordered.