# SOUTHERN PACIFIC COMPANY *v.* INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA ET AL.

## CERTIORARI TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 118.  Submitted December 18, 1919.—Decided January 5, 1920.

Certiorari is the proper means of reviewing a judgment of a state court affirming an award against a railroad company under a workmen's compensation law, where the federal question upon which the applicability, as distinct from the validity, of that law depends, is whether the injured employee was engaged in interstate commerce. P. 262.

A lineman engaged in the necessary work of wiping the insulators supporting a main wire, in use at the time as a conductor of electricity which, flowing from it through a transformer, and thence along the trolley-wires of a railroad, moved cars in interstate and intrastate commerce, *held* employed in interstate commerce, within the Federal Employers' Liability Act. *Id.*

178 California, 20, reversed.

THE case is stated in the opinion.

*Mr. Henley C. Booth* and *Mr. William F. Herrin* for petitioner.

Their argument, respecting the jurisdiction, may be summarized as follows:

The validity of the state law was not drawn in question but was conceded. By its own terms it does not apply if the federal act does. Laws Calif., 1917, c. 586, § 69 (c). Neither was the "authority" of the State exercised by its tribunals to hear the case drawn in question. Merely the result of their determination is assailed, on a federal ground. The petitioner set up a "right, privilege, or immunity" under the federal act, and the finding against the validity of that claim is reviewable by certiorari, under § 237, Jud. Code, as amended in 1916. *Philadelphia & Reading Coal & Iron Co.* v. *Gilbert*, 245 U. S. 162; *Stadelman* v. *Miner*, 246 U. S. 544; *Cave* v. *Missouri*, 246 U. S. 650; *Northern Pacific Ry. Co.* v. *Solum*, 247 U. S. 477–481; *Ireland* v. *Woods*, 246 U. S. 323–330.

*Mr. Christopher M. Bradley* and *Mr. Warren H. Pillsbury*, for respondents, contended that writ of error was the proper remedy and that certiorari would not lie.

On the merits:

Injuries sustained by a railroad employee while repairing a car or locomotive then in use in interstate commerce are within the federal act. *Walsh* v. *New York, New Haven & Hartford R. R. Co.*, 223 U. S. 1. But injuries sustained while caring for machinery or shops used in the repair of such cars or locomotives are not within the federal act. *Illinois Central R. R. Co.* v. *Cousins*, 241 U. S. 641, reversing 126 Minnesota, 172; *Shanks* v. *Delaware, Lackawanna & Western R. R. Co.*, 239 U. S. 556, reversing 214 N. Y. 413; *Lehigh Valley R. R. Co.* v. *Barlow*, 244 U. S. 183, reversing 214 N. Y. 116.

Nor are injuries sustained while repairing cars or locomotives used indiscriminately in interstate and intrastate commerce but out of service for repairs. *Minneapolis & St. Louis R. R. Co.* v. *Winters*, 242 U. S. 353; *Baltimore*

*& Ohio R. R. Co.* v. *Branson,* 242 U. S. 623, reversing 128 Maryland, 678.

The repair of tracks, tunnels or bridges then in use for interstate and intrastate commerce comes within the federal act, *Pedersen* v. *Delaware, Lackawanna & Western R. R. Co.,* 229 U. S. 146; while the construction of a new track, tunnel or bridge, prior to its being opened for interstate commerce, does not, *Pedersen* v. *Delaware, Lackawanna & Western R. R. Co.,* 229 U. S. 146, *dictum; New York Central R. R. Co.* v. *White,* 243 U. S. 188; *Minneapolis & St. Louis R. R. Co.* v. *Nash,* 242 U. S. 619; *Raymond* v. *Chicago, Milwaukee & St. Paul Ry. Co.,* 243 U. S. 43.

Similarly, the coaling of an interstate locomotive is within the federal act. *Armbruster* v. *Chicago, Rock Island & Pacific Ry. Co.,* 166 Iowa, 155; *Southern Ry. Co.* v. *Peters,* 194 Alabama, 94. But the mining of coal in the railroad company's mine or its transportation within the State to chutes from which it is to be loaded upon interstate locomotives is not. *Delaware, Lackawanna & Western R. R. Co.* v. *Yurkonis,* 238 U. S. 439; *Chicago, Burlington & Quincy R. R. Co.* v. *Harrington,* 241 U. S. 177; *Lehigh Valley R. R. Co.* v. *Barlow,* 244 U. S. 183; *Zavitovsky* v. *Chicago, M. & St. P. Ry. Co.,* 161 Wisconsin, 461.

The general line of demarcation appears to be that the service must be directly connected with the interstate transportation and not preliminary to it. Stated in another way, the service must be proximately and immediately connected with interstate commerce.

In this case the service was important, but importance is not the test. It was too remote from interstate commerce. The case is the same in principle as the *Harrington* and *Yurkonis Cases, supra.* The differences between coal and electricity as power are legally unimportant. They are differences of degree only. The difference in rapidity of movement becomes, upon final analysis, but a difference in reserves maintained.

See *Lehigh Valley R. R. Co.* v. *Barlow,* 244 U. S. 183; *Barker* v. *Kansas City, M. & O. Ry. Co.,* 94 Kansas, 176; *Giovio* v. *New York Central R. R. Co.,* 162 N. Y. S. 1026; *Zavitovsky* v. *Chicago, Milwaukee & St. Paul Ry. Co.,* 161 Wisconsin, 461; *Gallagher* v. *New York Central R. R. Co.,* 167 N. Y. S. 480; *Kelly* v. *Pennsylvania R. R. Co.,* 238 Fed. Rep. 95.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

William T. Butler, husband of respondent Mary E. Butler, was killed at Oakland, California, while employed by the Southern Pacific Company as an electric lineman. The Supreme Court of the State affirmed an award rendered by the California Industrial Commission against the company, and the cause is properly here by writ of certiorari.

The fatal accident, which occurred June 21, 1917, arose out of and happened in the course of deceased's employment. He "received an electric shock while wiping insulators, which caused him to fall from a steel power pole, producing injury which proximately caused his death." At that time the company, a common carrier by railroad, maintained a power house at Fruitvale, California, where it manufactured the electric current which moved its cars engaged in both interstate and intrastate commerce. From the generators this current passed along main lines or cables, through a reduction and transforming station, to the trolley wires, and thence to the motors. When he received the electric shock, deceased was engaged in work on one of the main lines necessary to keep it in serviceable condition. If such work was part of interstate commerce, the Workmen's Compensation Act of the State is inapplicable and the judgment below must be reversed. Otherwise, it must be affirmed. Employers' Liability Act,

April 22, 1908, c. 149, 35 Stat. 65; *New York Central R. R. Co.* v. *Winfield*, 244 U. S. 147; *New York Central R. R. Co.* v. *Porter*, 249 U. S. 168.

Generally, when applicability of the Federal Employers' Liability Act is uncertain, the character of the employment, in relation to commerce, may be adequately tested by inquiring whether, at the time of the injury, the employee was engaged in work so closely connected with interstate transportation as practically to be a part of it. *Pedersen* v. *Delaware, Lackawanna & Western R. R. Co.*, 229 U. S. 146, 151; *Shanks* v. *Delaware, Lackawanna & Western R. R. Co.*, 239 U. S. 556, 558; *New York Central R. R. Co.* v. *Porter, supra; Kinzell* v. *Chicago, Milwaukee & St. Paul Ry. Co.*, 250 U. S. 130, 133.

Power is no less essential than tracks or bridges to the movement of cars. The accident under consideration occurred while deceased was wiping insulators actually supporting a wire which then carried electric power so intimately connected with the propulsion of cars that if it had been short-circuited through his body, they would have stopped instantly. Applying the suggested test, we think these circumstances suffice to show that his work was directly and immediately connected with interstate transportation and an essential part of it.

The judgment of the court below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE CLARKE dissents.