**SULLIVAN v. NEW YORK, N. H. & H. R. CO.**
No. 121.

Circuit Court of Appeals, Second Circuit.
Jan. 7, 1935.

Thomas J. O'Neill, of New York City (Thomas J. O'Neill, William J. Hogan, and Jeremiah J. Riordan, all of New York City, of counsel), for plaintiff-appellant.

John M. Gibbons, of New York City (E. R. Brumley, of New York City, of counsel), for defendant-appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The question raised by this appeal is whether the plaintiff, an employee of the defendant, New York, New Haven & Hartford Railroad, who was injured while at work repairing the fire box of a boiler in a power house belonging to the railroad at Cos Cob, Conn., was at the time engaged in interstate commerce. The court below dismissed the action brought to recover damages for personal injuries on the ground that the plaintiff was not so engaged.

There were two boiler rooms in the power house on defendant's premises at Cos Cob, each of which contained fourteen boilers. The steam that furnished the power to drive the turbines which operated the generators supplying electricity to run trains was derived from these boilers. The current generated was used to propel both interstate and intrastate locomotives.

The steam from each boiler led into a main pipe that went from the boiler house, where it was installed and joined another steam pipe with which the fourteen boilers in the other house were connected, and thence to the turbines. Individual boilers could be disconnected, leaving others to carry the load, and there was a large enough number of boilers so that several could be repaired while the others were in operation.

The accident occurred in the chamber of boiler No. 21 which had been absolutely disconnected from the plant, so far as power or operation were concerned. This boiler, like the others, had an outer wall of red brick and an inner combustion chamber with a lining of fire brick. On the day when the plaintiff was hurt he was helping to repair the boiler, and it had been disconnected from use for about four days and had become entirely cold. He was standing on a scaffold that had been erected inside the boiler, and was helping the masons, who were taking down some of the inner wall, to remove the débris, when a part of the wall fell on him, knocked him off the scaffold, and caused the injuries on account of which he brought this action.

After such a boiler was repaired or rebuilt, it would ordinarily be laid up for two weeks, and then a week or ten days would be required for testing before it would be returned to service. But the plant had much more than enough boilers to operate prop-

erly without the use of No. 21. When the boiler underwent such extensive repairs and was necessarily dismantled and removed for such a length of time, it must be treated as completely withdrawn from interstate commerce, and employees working upon it cannot be regarded as then engaged in such commerce. New York, N. H. & H. R. Co. v. Bezue, 284 U. S. 415, 52 S. Ct. 205, 76 L. Ed. 370, 77 A. L. R. 1370; Industrial Accident Commission v. Davis, 259 U. S. 182, 42 S. Ct. 489, 66 L. Ed. 888.

In New York, N. H. & H. R. Co. v. Bezue, 284 U. S. 415, 52 S. Ct. 205, 207, 76 L. Ed. 370, 77 A. L. R. 1370, the plaintiff was injured while moving a pair of driving wheels from a shop, in which they had been repaired, to a roundhouse, where they were to be replaced under a locomotive that had been used in interstate commerce. The railroad inspected, cleaned, and did necessary repairs to its locomotives every thirty days, and the engine had been withdrawn from interstate commerce for this purpose for nine days, but before the accident occurred. The Supreme Court held that under such circumstances the employee was not engaged in interstate commerce at the time he met his injuries. In the course of his opinion Justice Roberts, citing Shanks v. Delaware, L. & W. R. Co., 239 U. S. 556, 558, 36 S. Ct. 188, 60 L. Ed. 436, L. R. A. 1916C, 797, and Chicago & E. I. R. Co. v. Commission, 284 U. S. 296, 52 S. Ct. 151, 76 L. Ed. 304, said that: "Whether respondent is within the act must be decided * * * by determining whether the locomotive in question was, at the time of the accident, in use in interstate transportation or had been taken out of it. The length of the period during which the locomotive was withdrawn from service and the extent of the repairs bring the case within the principle announced in Industrial Accident Comm. v. Davis. * * *"

In Industrial Accident Commission v. Davis, 259 U. S. 182, 42 S. Ct. 489, 66 L. Ed. 888, an engine was withdrawn from exclusive employment in interstate commerce and taken to the general repair shop for overhauling. The repairs, which involved partial dismantling, occupied six days and, a week after they were completed the engine was returned to service in interstate commerce. It was held that under those circumstances an employee who was injured while working on repairs was not engaged in interstate commerce at the time.

The decisions in New York, N. H. & H. R. Co. v. Bezue and Industrial Accident Comm. v. Davis, supra, seem to us controlling and not in conflict with Southern Pac. Co. v. Industrial Accident Commission, 251 U. S. 259, 40 S. Ct. 130, 64 L. Ed. 258, 10 A. L. R. 1181. There an employee, who was cleaning insulators that supported a wire carrying an electric current then actually used in interstate commerce was held to be engaged therein. An application of the test of immediate or close, as distinguished from remote or indirect, relation to such commerce, however difficult to apply in many instances, would seem to bring the case at bar within New York, N. H. & H. R. Co. v. Bezue, 284 U. S. 415, 52 S. Ct. 205, 76 L. Ed. 370, 77 A. L. R. 1370, Chicago & E. I. R. Co. v. Commission, 284 U. S. 296, 52 S. Ct. 151, 76 L. Ed. 304, and Industrial Accident Commission v. Davis, 259 U. S. 182, 42 S. Ct. 489, 66 L. Ed. 888, rather than under Southern Pac. Co. v. Industrial Accident Commission, 251 U. S. 259, 40 S. Ct. 130, 64 L. Ed. 258, 10 A. L. R. 1181.

The appellant especially relies on Guida v. Pennsylvania Railroad Co., 183 App. Div. 822, 171 N. Y. S. 285, affirmed without opinion in 224 N. Y. 712, 121 N. E. 871. The facts there were substantially like those in the case at bar. There, as here, the boilers were used to supply power for both interstate and intrastate trains, the plaintiff was injured during the cleaning of one of them, and it was held that he was engaged in interstate commerce. In determining that he was so engaged, the court seemed to rely on the test applied by Justice Holmes in Minneapolis & St. Louis R. Co. v. Winters, 242 U. S. 353, 37 S. Ct. 170, 172, 61 L. Ed. 358, Ann. Cas. 1918B, 54. In the latter case an employee, who was injured when repairing an engine that had been withdrawn from use in interstate and intrastate commerce but thereafter used therein, was held not to have been engaged in interstate commerce while working at the repairs. Holmes, J., said that the situation was not like that of repairs on a road permanently devoted to commerce; that an engine, as such, could not be regarded as permanently devoted to any kind of traffic; that the engine in question did not appear destined to anything more definite than such business as it might be needed for; and that it had not been interrupted in an interstate haul to be repaired and go on. He added that: "Its character as an instrument of commerce depended on its employment at the time, not upon remote probabilities, or upon accidental later events." The court in Guida v. Pennsylvania Railroad Co., 183

App. Div. 822, 171 N. Y. S. 285, reasoned from Justice Holmes' opinion that, since future use of the boiler in interstate commerce was inevitable, the boiler was at all times as much a part of such commerce as would be a railroad track under repair. In view, however, of the later decisions of the Supreme Court, we think the test cannot be the destination of the boiler for interstate commerce or its future employment therein, but whether it was a necessary part of the equipment at the time of the accident or was then only a spare part completely withdrawn from use. New York, N. H. & H. R. Co. v. Bezue, 284 U. S. 415, 52 S. Ct. 205, 76 L. Ed. 370, 77 A. L. R. 1370, and Industrial Accident Commission v. Davis, 259 U. S. 183, 42 S. Ct. 489, 66 L. Ed. 888. The test we have applied is not in accord with Guida v. Pennsylvania Railroad Co., supra, or with certain other decisions, such as Atlantic Coast Line R. Co. v. Woods (C. C. A.) 252 F. 428. How impossible it is to reconcile the cases in this difficult field is shown at length in "Workmen's Compensation on Railways," 47 Harv. Law Rev. 389. But, as we have said, the result we have reached appears to conform to the latest expressions of the Supreme Court.

The judgment is affirmed.