KIRBY LUMBER CORPORATION, Appellant,

v.

Robert E. MURPHY, Appellee.

No. 4951.

Court of Civil Appeals of Texas.

Beaumont.

June 24, 1954.

Orgain, Bell & Tucker, Beaumont, for appellant.

M. Herbert Oldham, Beaumont, for appellee.

R. L. MURRAY, Chief Justice.

The appellant's motion for rehearing is granted. The opinion formerly filed in this cause is withdrawn, and the following is filed as our opinion herein:

On September 14, 1950 Robert E. Murphy, the appellee, was injured while hauling logs for Kirby Lumber Corporation, the appellant, in Hardin County under a

contract. The contract between the two parties was as follows:

"Original Logging Contract
"Silsbee, Texas, July 17, 1950

"Kirby Lumber Corporation (herein called Kirby) and the other party hereto (herein called contractor) agree:

"1. Contractor will, with his own equipment and employees, and at his own risk, perform logging activities as described in item 3 below, in connection with logs from Abstract 716, Henry Gunter Survey, Polk County, Texas, and such other locations as may be designated by Kirby pending execution of supplemental letter contracts as provided in paragraph 4 below.

\*   \*   \*   \*   \*   \*

"(3) Haul and deliver to Kirby Lumber Corporation, skidway at Votaw, Texas

"2. Kirby is to have no control over the manner, method or details of performance, or over the selection, direction or dismissal of contractor's employees, and will look to contractor for results only. Additionally, contractor shall: (a) assume full responsibility for any damages caused by his negligence or that of his employee or agents; (b) make all proper income tax and social security deductions and payments and file all returns and forms required in connection therewith; (c) assume full responsibility for injuries occurring to his employees while in the course of their employment, and protect himself against liability therefor by means of Workmen's Compensation insurance or otherwise as he sees fit; (d) comply with all laws, Federal and State, which may regulate the performance of this contract, including, but not limited to, laws relating to wages and hours, and keep records showing such compliance and furnish proof of such compliance to Kirby as it may rightfully demand.

"3. Kirby will pay contractor $7.50 per thousand feet log scale for timber delivered, Kirby to scale at place of delivery and Kirby's scale by Herring rule, Davant extension, to be final, paying for each half-month within ten days after the close of such period.

"4. Should the parties hereto desire to enter into further contracts for logging activities, same may be accomplished by Kirby's writing, and contractor's accepting, a letter setting forth the work to be done and the payment to be made and referring to this contract, in which case all the provisions of this contract will apply to the work covered by such letter, except insofar as different provisions may be made in the letter.

"Kirby Lumber Corporation
"By A. W. Dainwood
(signed in ink)

"R. E. Murphy
(signed in ink)
"Contractor"

Under the contract appellee furnished his own truck for the hauling of the logs but the loading of the logs on the truck was under the control of the appellant. On the date in question an employee and agent of the appellant loaded some logs on appellee's truck and in doing so placed thereon a crooked log on top of a dead log. Appellee was present, observed the loading, and protested to the man who was loading his truck and told him he ought to remove the crooked log and called his attention to the dead log with the crooked log; Murphy told the loading employee that he did not want it there; that the Kirby boss had told him not to put a log on like that, but the man doing the loading refused to comply but told Murphy to get back into his truck, that he was loading the logs himself. After the truck was fully loaded Murphy then put his chains on the truck to hold the logs in place and drove the load of logs to the unloading point. He stopped once or twice en route and checked the condition of his load and found it satisfactory. When he arrived at the unloading point he got another trucker to stand by and watch for him while he prepared to unload the logs from his truck. He re-

moved all the chains from the load which were holding it on the truck, and then walked to a point near the side of the cab of the truck to secure a canthook with which he would start the logs off the truck. As Murphy reached for the canthook one of the logs, the crooked one, the one about which he had protested to the man loading his truck, fell off the truck and knocked him down, striking him on the shoulder and then on his foot, severely injuring him.

Murphy brought suit in the district court of Hardin County against Kirby Lumber Corporation, alleging substantially the above facts and further alleged that appellant Kirby Lumber Corporation was negligent in loading the logs on his truck, in placing the crooked green log on top of the dead log and refusing to reload the truck upon his request, and in loading logs on his truck improperly where they would not remain in a fixed or stationary position. He further alleged that each of the acts of negligence was a proximate cause of his injuries.

The appellant answered by numerous special exceptions, a general denial, by a plea of contributory negligence on the part of the appellee, a further special answer that appellee Murphy was fully aware of the method in which such logs were loaded and himself bound down the load and participated in said loading operations and thereafter drove said truck many miles during which he inspected said load from time to time; that he received and accepted the same after the loading was completed and the manner and method in which it was loaded and the type of logs placed thereon, each and all, were open and obvious and well known to the appellee, that moreover said appellee was fully aware of the danger of the logs falling when said truck was being unloaded, and he voluntarily proceeded to perform such work and assume the risk thereof, all of which was plead in bar thereof. As an alternative answer Kirby Lumber Corporation also pleaded that if Murphy's injuries were not proximately caused by his own negligence, then they were due to an unavoidable accident.

The case was tried to a jury and at the close of the evidence the appellant filed its motion for instructed verdict, the grounds of which were substantially the same as the matters alleged in its answer. This motion was overruled and the case was submitted to a jury on 19 Special Issues.

The jury by its verdict found in answer to the Special Issues submitted as follows: (1) The Kirby Lumber Corporation, acting through its agents, servants or employees placed a dead or slick log as a bumper log in loading Murphy's truck; (2) such act was negligence and (3) was a proximate cause of Murphy's injuries; (4) Kirby Lumber Corporation, acting through its agents, servants or employees placed a crooked green log on top of the dead log in loading Murphy's truck; (5) such acts were negligence and (6) were a proximate cause of Murphy's injuries; (7) Murphy requested Robert Cooley to reload his truck; (8) Kirby Lumber Corporation, through its agents, servants or employees, refused to reload Murphy's truck; (9) such refusal was negligence and (10) was a proximate cause of Murphy's injuries; (11) Kirby Lumber Corporation, acting by its agents, etc., loaded Murphy's truck in such a manner that the logs would not remain in a fixed position; (12) such act was negligence and (13) was a proximate cause of Murphy's injuries; (14) Murphy did not fail to keep a proper lookout for the logs immediately prior to the time it fell; (No. 15 was not answered); (16) Murphy did not fail to exercise ordinary care in attempting to unload his truck; (No. 17 was not answered); (18) the accident in question was not an unavoidable accident; (19) the sum of $2,975 if paid now in cash, would fairly and reasonably compensate Murphy for the injuries proximately caused by the negligence of the appellant.

After the jury's verdict was returned, but before the entry of any judgment, the appellant moved the court for a judgment in its favor non obstante veredicto, the grounds for which motion were substantially the same as those set forth in its motion for instructed verdict. This motion was by the court overruled and judgment

was entered for the appellee Murphy against the appellant Kirby Lumber Corporation on the jury's verdict for the sum of $2,975.

Thereafter the appellant's motion for new trial was overruled and it has perfected its appeal to this court for review of the judgment.

The appellant brings its appeal on four points of error which are as follows:

"Point of Error I

"The error of the court in overruling defendant's motion for instructed verdict, the undisputed evidence establishing that the plaintiff, with full knowledge of the conditions and of the dangers, proceeded to unload the logs, and voluntarily exposed himself to the risk of injury thereby.

"Point of Error II

"The error of the court in overruling defendant's motion for instructed verdict, the undisputed evidence establishing as a matter of law plaintiff was guilty of contributory negligence.

"Point of Error III

"The undisputed evidence establishing that plaintiff was present and saw the logs loaded and was aware of the manner and method of loading and the dangers arising therefrom, the further undisputed evidence establishing that he bound down the load and accepted the same and that his injury thereafter occurred through the very dangers of which he was fully aware, and which were open and obvious, and which were ordinarily incident to the work being performed, the court erred in overruling and refusing to grant defendant's motion for instructed verdict.

"Point of Error IV

"The error of the court in refusing to grant defendant's motion for judgment non obstante veredicto, the defendant being entitled under the undisputed evidence to an instructed verdict."

■ Point of Error No. 2 is overruled. We do not believe that it is established by the undisputed evidence that the appellee was guilty of contributory negligence as a matter of law. It is true that the defenses of assumed risk, volenti non fit injuria and contributory negligence frequently overlap and they are often confused in the opinions of many courts writing upon them. We believe under the facts in the present case, however, that the doctrine of volenti non fit injuria is available to the appellant here as a defense, as will be discussed below, but contributory negligence as a matter of law was not shown.

■ We believe that it is well established now that while in some circumstances one who voluntarily exposes himself to a known and appreciated danger is guilty of negligence is barred from recovery as a matter of law, still it is generally held that one who knows and appreciates the existence of a danger and voluntarily encounters it or fails to avoid it is not always guilty of contributory negligence. The weight of authority supports the qualification that one is not negligent in voluntarily exposing himself to such a danger, if, under the same or similar circumstances an ordinarily prudent person would have incurred the risk which such conduct involved. 65 C.J. S., Negligence, § 121, p. 730. Thus one may not be guilty of negligence in exposing himself or his property to known and appreciated danger where there is some reason of necessity or propriety to justify him in so doing, or where, by the exercise of care proportionate to the danger, one might reasonably expect to avoid the danger, or where no other course is open to him, or where reasonably prudent men might differ as to the propriety of encountering it. 65 C.J.S., Negligence, § 121, pp. 730, 731; Stroud v. Brand's Punch Syrup Co., Tex.Civ.App., 205 S.W.2d 618, writ refused, n.r.e.; McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442; Northcutt v. Magnolia Petroleum Co., Tex. Civ.App., 90 S.W.2d 632.

In Camp v. J. H. Kirkpatrick Co., Tex. Civ.App., 250 S.W.2d 413, 418, opinion by

Justice Pope, there is to be found an erudite discussion of the defenses of "open and obvious condition" in a slipping and falling case. The opinion cites McAfee v. Travis Gas Corp., supra, and Gulf, C. & S. F. R. R. Co. v. Gasscamp, 69 Tex. 545, 7 S.W. 227; Northcutt v. Magnolia Petroleum Co., supra, and the many other Texas decisions to be found in support of the conclusion reached in the opinion that "it is not every 'open and obvious' condition of danger that precludes recovery. Danger is relative, and a person of ordinary care may incur some hazards. * * * Negligence may still be a fact question when one knows or is chargeable with knowledge of danger, depending upon the measure of care exercised under those circumstances." In the case of Temple Electric Light Co. v. Halliburton, Tex.Civ.App., 136 S.W. 584, 588, it is said " 'mere knowledge that a danger exists does not in all cases impute negligence to a person who voluntarily encounters it. He may be under necessity of proceeding, and the case may be such that a person exercising ordinary care might suppose that he could successfully encounter [the danger] * * *.' The true meaning of the rule, therefore, is that, in order to impute contributory negligence to a person exposing himself to a danger, he must (1) knowingly, or with negligent ignorance, (2) voluntarily, and (3) unnecessarily expose himself to it." This statement of law is quoted in the opinion in Stroud v. Brand's Punch Syrup Co., supra.

▮▮▮ Points 1 and 3 together present the defense of "volenti non fit injuria" and we believe they must be sustained. It is undisputed in the evidence that Murphy not only observed the improper loading of the crooked log on his truck but he also pointed out to the loader that it was dangerous to load in that particular manner, and he protested such a loading; he thereafter put his chains on the load of logs and bound them down on his truck and accepted the load and drove the truck away from the loading point; his injuries arose from the falling of the very log concerning the loading of which he had protested and had observed to be improperly loaded on his truck. Thus Murphy's injuries were occasioned by and caused by the very danger of which he was fully aware when he accepted the loaded truck from the loader. Although Murphy protested against the loading in the manner in which it was being done, still when he proceeded to enter voluntarily into the situation of driving and unloading the truck which exposed him to risk and the danger which caused his injuries, this indicated that he did not stand on his objection but consented, however reluctantly, to accept the risk and look out for himself. See Prosser on Torts, 389. These facts being established without dispute in the evidence, it must be said that the doctrine of volenti non fit injuria must apply, since a person cannot recover for injuries from dangers which he voluntarily encounters with full knowledge of the existence and appreciation of the extent of the danger involved. We are satisfied that the Supreme Court of Texas has recognized this doctrine as a part of the jurisprudence of Texas. See: Wood v. Kane Boiler Works, Inc., 150 Tex. 191, 238 S.W.2d 172. This case contains a discussion of that doctrine and refers to the discussion in Walsh v. West Coast Coal Mines, 31 Wash.2d 396, 197 P.2d 233. As pointed out in Walsh v. West Coast Coal Mines, supra, the distinction between the doctrine of assumption of risk and the principle involved in the maxim volenti non fit injuria, as applied by the courts, is that assumption of risk applied only to cases arising out of the relationship of master and servant, or at least to cases involving a contractual relationship, whereas the maxim volenti non fit injuria applies in proper cases independently of any contract relation. While the relation of master and servant offers the most conspicuous example of situations involving the doctrine of assumption of risk, it is by no means the only relation to which the doctrine may be applicable. It is applicable to voluntary relations other than those of employer and employee. Contributory negligence involves some fault or breach of duty on the part of the injured person, or failure on his part to use the required degree of care for his safety, whereas assumption of risk or volenti non fit injuria

may bar recovery even though the injured person may be free from contributory negligence. Further discussion of the maxim and doctrine of volenti non fit injuria is found in Landrum v. Roddy, 143 Neb. 934, 12 N.W.2d 82, 89, 149 A.L.R. 1048, wherein it is said: "Assumption of risk under the maxim 'volenti non fit injuria' involves a choice made more or less deliberately and negatives liability without reference to the fact that the plaintiff may have acted with due care, whereas, the defense of contributory negligence implies the failure of the plaintiff to exercise due care." There are many authorities in Texas barring a recovery by a plaintiff who is injured by a danger of which he was fully informed. Galveston, H. & H. Ry. Co. v. Hodnett, 106 Tex. 190, 163 S.W. 13; Levlon v. Dallas Railway & Terminal Co., Tex.Civ.App., 117 S.W.2d 876; Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 20 A.L.R.2d 853; Franklin v. City of Galveston, Tex.Civ.App., 256 S.W.2d 997; Jones v. Beck, Tex.Civ.App., 109 S.W.2d 787, writ refused; Union Tank & Supply Co. v. Kelley, 167 F.2d 811, a Texas case in the 5th Circuit Court of Appeals. In some of these cases the principle upon which recovery was denied to a plaintiff who was fully aware of the danger and proceeded into the situation which brought about his injury with full knowledge of the dangers thereof, was not designated as "volenti non fit injuria", while in others it was. In some of them the court announced that recovery was denied because of contributory negligence as a matter of law. But the later cases, particularly those by the Supreme Court, make is clear that the distinctions between these various principles of defense have been noted and that in appropriate cases recovery is denied plaintiff under the doctrine of volenti non fit injuria.

▇ We have concluded that under the facts here Kirby was under no duty to Murphy after Murphy accepted the truck load of logs and drove it away. Since Kirby owed him no duty, he cannot recover, whether or not he acted with due care and was free from contributory negligence. Murphy was in possession of full information as to the dangerous condition of the load of logs with the crooked log placed on top of a green one and it was not necessary for Kirby to inform him of the dangerous character of the load, since he already knew of it. When Murphy accepted the load, he consented to drive the truck and unload it and gave his consent to the dangerous method of loading. The following rule from Restatement of the Law of Torts, p. 1039, is believed to be applicable to the relationship existing between Kirby and Murphy:

"One who supplies directly or through a third person a chattel for another to use, is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be in the vicinity of its probable use, for bodily harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier (a) knows, or from facts known to him should realize, that the chattel is or is likely to be dangerous for the use for which it is supplied; (b) and has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition; and (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be so."

▇ From the authorities quoted from and referred to above, we believe that Murphy's action in the face of his complete knowledge of the danger which he attempted to cope with, to his own injury, bars him from recovery from the appellant under the doctrine or maxim, "volenti non fit injuria," and the trial court was in error in overruling appellant's motion for instructed verdict.

The judgment of the trial court is therefore reversed and judgment is here rendered for the appellant.