Earl D. CUMMINS, Appellant,

v.

HALLIBURTON OIL WELL CEMENTING COMPANY, a corporation, and Sherman's Power Tongs, Inc., Appellees.

No. 5296.

Court of Civil Appeals of Texas.

El Paso.

Dec. 10, 1958.

Rehearing Denied Jan. 7, 1959.

**380**

John J. Watts, W. R. Barnes, Odessa, Turpin, Kerr & Smith, Midland, for intervenor.

McDonald & Shafer, Odessa, Scarborough, Black & Tarpley, Abilene, for appellees.

ABBOTT, Judge.

This is an appeal from an instructed verdict and resulting judgment in favor of the defendants (appellees), by the 109th District Court of Andrews County, Texas. Appellant, Earl D. Cummins, had filed his action for damages against the appellees (defendants), basing his action on injuries received while working as a derrickman for W. H. Black Drilling Company, said company being the general contractor for the drilling operation. Appellees, Halliburton Oil Well Cementing Company, Inc., and Sherman's Power Tongs, Inc., were independent contractors on the well for servicing work. The Texas Employers Insurance Association filed its petition in the trial court, as intervenor, to recover an award made to plaintiff (appellant) under Workmen's Compensation benefits, but has not perfected its appeal to this court. The facts are as follows:

Plaintiff, an employee of W. H. Black Drilling Company, general contractor, was a derrickman on July 29, 1956. He had been employed in the oilfields in similar positions for about 26 years. On July 29, 1956, plaintiff went to work about four P.M. and, since the drilling had been completed at a prior date, did the necessary cleaning-up work for about an hour and a half. At about 5:15 P.M. a Halliburton crew came to the well-site to remove a Halliburton cementing head from the top of the casing, some 25 feet above the derrick floor, in order to run a temperature test. For this and other purposes, a stabbing board 3" x 12" and about 30 feet long was in the derrick from girt to girt, and immediately adjacent to the top of the casing and the Halliburton cementing head and about 20 feet above the derrick floor. Plaintiff testified that the stabbing board belonged to his employer, W. H. Black, and there is no testimony indicating who had placed the stabbing board in the derrick. There is testimony that Sherman's Power Tongs, Inc. had finished their job on July 28, 1956, the preceding day, and

that no one from that company was at the well-site on the day in question. There is conflicting testimony as to whether or not the stabbing board was one normally used, and taking plaintiff's own testimony it was not the usual type. Halliburton's employees went on to the stabbing board and attempted to displace the cementing head, and one Prudhomme, a W. H. Black employee, was sent to assist them. Their efforts were unsuccessful, and appellant was ordered to go up on the stabbing board by his driller, an employee of W. H. Black Drilling Company. Appellant testified that as he climbed the side of the derrick, he could see that the stabbing board was not the usual type used. At the time appellant went out on to the stabbing board, it was occupied by only his co-employee, Prudhomme. After several minutes of combined effort they had failed to displace the cementing head, and a Halliburton employee, one Noll, started out on the board. Appellant ordered Noll off the board, stating that the board would not hold all three of them. Noll replied, "Hell, man, this board held three of us for two hours this morning," and continued out on to the board. Appellant testified that he then got off the board, on to the elevators, and the three continued to apply pressure against the cementing head. Appellant and Prudhomme exchanged positions, and more attempts were made to complete the work. Prudhomme returned to the board, and appellant testified that a cheater bar was placed on the wrench and all three were pushing and pulling, and that every time pressure was applied, "the board would belly. It got to bellying pretty much and I told them I was afraid that the board would break." The Halliburton employee replied, giving the same answer as he had given before. The stabbing board broke immediately thereafter, and appellant suffered the injuries of which he complains.

Appellant charges error, stating that the trial court erred in directing a verdict for, (1) appellee Halliburton Oil Well Cement-ing Company, a corporation; and, (2) Sherman's Power Tongs, Inc.

We think appellant's points of error must be overruled. This being a directed verdict case, we are obliged to give the evidence and the inferences therefrom the most favorable aspect reasonably possible with reference to plaintiff's case, and discard contrary evidence and inferences. We feel that the reasoning and rules laid down in McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391, and Kirby Lumber Corporation v. Murphy, Tex.Civ.App., 271 S.W.2d 672, control the disposition of this case.

Appellant does not specify what error he is complaining of, but merely states that the trial court erred in directing a verdict for appellees. In view of this we will consider, first, the appellee Halliburton Oil Well Cementing Company, Inc. Appellant states that he and a co-employee were on a stabbing board attempting to remove a cementing head, when a Halliburton employee came out on the stabbing board to assist in the removal of the head; that appellant warned such Halliburton employee and told him to get off the stabbing board, but such warning was ignored by the Halliburton employee. Further, that Halliburton's employee made a statement to appellant that the board was safe because three men had worked on the board for two hours the same morning. The testimony shows that the work had continued with three men on and off the board for about fifteen or twenty minutes, when appellant renewed his objections that the board could not bear the weight of the three men. Shortly thereafter the board broke. Appellant testified that he relied on the Halliburton employee's statement that the board was safe. Appellant cites Cox v. St. Louis & S. F. R. Co., 111 Tex. 8, 222 S.W. 964, and a number of other cases, to support his position. We believe that these cases are distinguishable from the one before us. In this case appellant's employer was the one furnish-

ing the equipment upon which he was working, and Halliburton was an independent contractor using the same equipment. Appellant was an experienced oilfield worker, and had every opportunity to observe the stabbing board. He recognized that it was not the usual one, but went on to it. He further complained about the board, but continued on with the work. He stated that the board was "bellying" and that he was apprehensive that it would break. His knowledge of the conditions was equal, if not greater, than that of the Halliburton employee, and yet he voluntarily proceeded to continue to work in a situation which he knew to be dangerous, and which did cause his injuries. We believe, clearly, that the appellee is fully entitled to the defense of volenti non fit injuria. Kirby Lumber Corporation v. Murphy, Tex.Civ.App., 271 S.W.2d 672, at page 677; Prosser on Torts, 389; Wood v. Kane Boiler Works, Inc., 150 Tex. 191, 238 S.W.2d 172.

The only difference suggested by the courts in the defense of volenti non fit injuria and that of assumption of risk is that the latter doctrine applies to cases arising from the relationship of master and servant, or at least to cases involving a contractual relationship, whereas the doctrine of volenti non fit injuria applies in proper cases independently of any contractual relationship. Walsh v. West Coast Coal Mines, 31 Wash.2d 396, 197 P.2d 233.

The facts, as testified to by appellant, establish without dispute in the evidence that the doctrine of volenti non fit injuria must apply, since a person cannot recover for injuries from dangers that he voluntarily encounters with full knowledge of the existence and appreciation of the extent of the danger involved. There are many authorities in Texas barring a recovery by a plaintiff who is injured by a danger of which he had full knowledge. Galveston, H. & H. Ry. Co. v. Hodnett, 106 Tex. 190, 163 S.W. 13; Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 20 A.L. R.2d 853; Union Tank & Supply Co. v.

Kelley, 5 Cir., 167 F.2d 811 (a Texas case); Kirby Lumber Corporation v. Murphy, supra; McKee v. Patterson, supra; Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607; Oaxaca v. Lowman, Tex.Civ.App., 297 S.W.2d 729, at page 731; 38 Am.Juris. 845, Negligence sections 171–173.

Appellant insists that he relied on statement of a Halliburton employee that the stabbing board was safe, but his own testimony is that he was apprehensive of danger until the accident occurred; that he had full knowledge of the conditions existing; that he was an experienced worker and fully recognized the danger and did know (or should have known) as much about the situation existing at that time as anyone else. From the authorities quoted and referred to above, we believe that appellant's action in the face of his complete knowledge of the danger, which he attempted to cope with to his own injury, bars him from recovery from appellee Halliburton Oil Well Cementing Company, Inc.

■ Appellant, in his First Amended Original Petition, alleged certain acts of negligence against appellee Sherman's Power Tongs, Inc., these being: (1) in that he failed to warn plaintiff that the stabbing board was defective; (2) in that he placed a wooden stabbing board on the derrick; (3) in that he placed a cracked board on the derrick; (4) in that he failed to remove the defective stabbing board from the derrick; and that each of which, and all of which acts constituted negligence and was a proximate cause of the personal injuries and damages sustained by plaintiff.

A careful search of the record fails to disclose any testimony that would support an issue of fact that could be submitted to the jury on any of the allegations of negligence above stated. It is true that there was an attempt to draw an inference upon an assumption to establish that this appellee, Sherman's Power Tongs, Inc., had placed the stabbing board in the der-

rick; but this court, in the case of Bullock v. Atlantic Refining Co., 289 S.W.2d 618, 620, said:

"At any rate, a presumption upon presumption is not countenanced in our law."

This is further supported by Rounsaville v. Bullard, 154 Tex. 260, 276 S.W.2d 791, and Fort Worth Belt Ry. Co. v. Jones, 106 Tex. 345, 166 S.W. 1130, and many others.

 In view of our findings that there was not sufficient evidence to support an issue of fact presented by the record, it follows, therefore, that the trial court was correct in instructing the jury to return a verdict for appellee, Sherman Power Tongs, Inc. McKee v. Patterson, supra; Smith v. Henger, 148 Tex. 456, 226 S.W. 2d 425.

Appellant's points of error are therefore overruled, and the decision of the trial court is in all things affirmed.